UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

    v.                                              NO. 25-cv-224-JL-AJ

Carroll County Attorney's Office
Carroll County Sheriff's Office
Richard Young

**REPORT AND RECOMMENDATION**

    Self-represented plaintiff Josephine Amatucci, proceeding in forma pauperis, filed a complaint (Doc. No. 1) against Carroll County (New Hampshire) Deputy Sheriff Richard M. Young, the Carroll County Sheriff's Department, and the Carroll County Attorney's Office. The complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Standard of Review**

    The magistrate judge conducts a preliminary review of pleadings, like Mrs. Amatucci's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review,

the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). An unrepresented plaintiff's complaint must be read liberally in this regard, see Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest. Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020).

## Background

Mrs. Amatucci's complaint is based on the same events that were the subject of three previous lawsuits Mrs. Amatucci brought in this court against the same defendants. See Amatucci v. Young, Civ. No. 18-1227-SM-SJ (D.N.H. filed Dec. 26, 2018; dismissed June 3, 2024) ("Amatucci I"); Amatucci v. Young, No. 25-cv-10-JL-TSM (D.N.H. filed Dec. 19, 2024; dismissed Apr. 11, 2025) ("Amatucci II"); Amatucci v. Young, No. 25-cv-161-SM-TSM

(D.N.H. filed Apr. 18, 2025; dismissed June 25, 2025 ("Amatucci III").

The events described in Amatucci I, II, III and in this suit occurred in the Carroll County Attorney's office. Mrs. Amatucci alleges that she went to the County Attorney's office to dispute what she describes as a "malicious prosecution" undertaken by the Wolfeboro, New Hampshire, Police Chief. Mrs. Amatucci was seated in the waiting room, expecting to provide evidence to the County Attorney's office. She further alleges that Deputy Young arrived after being directed by a county prosecutor to remove her from the premises. According to Mrs. Amatucci, Deputy Young then approached her and grabbed and twisted her arm, causing her great pain. Deputy Young removed Mrs. Amatucci from the building, after which she sought medical attention from her primary care doctor, who directed her to an emergency room. Mrs. Amatucci was given pain medication, and her arm was placed in a sling.

## Claims

Giving a liberal construction to her complaint, the court finds, as it did in the three prior suits, that Mrs. Amatucci, invoking 42 U.S.C. § 1983, claims that Deputy Young subjected her to excessive force, in violation of her Fourth Amendment right not to be subjected to an unreasonable seizure by using excessive force against her in an objectively unreasonable

3

manner. She also asserts that Deputy Young and the Carroll County Attorney's office violated her First Amendment right to petition the government for redress of grievances by effecting her removal and preventing her from filing a complaint against the Wolfeboro Police Chief. Additionally, she alleges state law claims against Deputy Young for assault, intentional infliction of emotional distress, and false imprisonment. Mrs. Amatucci also asserts a Monell claim, alleging that the Carroll County Sheriff's Department is liable for Deputy Young's conduct, based on a theory of municipal liability, as Deputy Young is a Sheriff's Department policymaker, and his actions therefore constituted official Department policy, practice or custom. These are essentially the same claims she brought in the three prior suits. See Amatucci I, Aug. 19, 2019, Order (Doc. No. 10) at 5; Amatucci II, March 12, 2025 Report and Recommendation (Doc. No. 5) at 2-3; Amatucci III, May 29, 2025 Report and Recommendation (Doc. No. 3).

### Procedural History

In Amatucci I, the court granted defendants' Motion to Dismiss based on Mrs. Amatucci's "repeated failure to comply with her discovery obligations and with her steadfast refusal to accept the fact that she has any discovery obligations at all." Amatucci I, Report and Recommendation (Doc. No. 290) at 1; Dismissal Order (Doc. No. 296). In April 2025, the court

4

dismissed Amatucci II, based on the res judicata effect of Amatucci I. See Amatucci II, Report and Recommendation (Doc. No. 5) at 3-5; Dismissal Order (Doc. No. 9). Most recently, the court dismissed Amatucci III based on the res judicata effect of Amatucci I and II. See Amatucci III, Report and Recommendation (Doc. No. 3), Dismissal Order (Doc. No. 5).

## Discussion

Claim Preclusion/Res Judicata

This is the fourth case Mrs. Amatucci has brought based on the incident at the Carroll County Attorney's office in September 2018. This case is, in all relevant respects, identical to the three the court previously dismissed. The doctrine of claim preclusion, sometimes called res judicata, precludes a plaintiff from asserting claims in a lawsuit which were previously asserted in an earlier suit, if "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." Metzler Asset Mgmt. GmbH v. Kinsley, 928 F.3d 151, 156 (1st Cir. 2019) (citation omitted). The doctrine of claim preclusion also "bars parties from relitigating claims that could have been made in an earlier suit," even if they were not actually made in the earlier suit. Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9,

5

14 (1st Cir. 2010). As the parties and claims in this suit are identical to those in Amatucci I, Amatucci II, and Amatucci III, the court again, as it did in Amatucci II and Amatucci III, recommends dismissal of this action based on res judicata.

Future Claims

In Amatucci III, the court enjoined Mrs. Amatucci from commencing any further actions in this court based on the incident at the Carroll County Attorney's office. Amatucci III, Report and Recommendation (Doc. No. 3) at 5-7, approved by Order (Doc. No. 5).[1] As this suit was commenced prior to the issuance of that injunction, it was not subject to that restriction. Nevertheless, Mrs. Amatucci is reminded that if any of her future

---

[1] Mrs. Amatucci is also subject to three other filing restrictions in this court. The first was issued by Judge McAuliffe on July 29, 2013, enjoining her "from commencing any further actions in this court arising from a 2003 arrest without prior approval from a judge of this court." July 29, 2013 Order, Amatucci v. Hamilton, No. 13-cv-87-SM (D.N.H.) (Doc. No. 8), at 1-2 ("2013 Filing Restriction"). Judge Laplante later enjoined her from filing any additional suits against certain defendants "arising out of the events of May 7, 2014, the ensuing state prosecution, and/or" a particular "no trespass" order issued against her. February 6, 2018 Report and Recommendation (Doc. No. 77), Amatucci v. Chase, et al., Civ. No. 17-237-JL (D.N.H.), R&R approved (Doc. No. 100) (D.N.H. April 11, 2018) ("2018 filing restriction"). Most recently, in Amatucci v. Town of Wolfeboro, et al., No. 22-319-JL, the court enjoined Mrs. Amatucci from filing further complaints related to an incident at the Wolfeboro (N.H.) transfer station. See id., Aug. 24, 2023 Order R&R (Doc. No. 19) ("the 2003 filing restriction").

filings violate the injunction from Amatucci III or any other injunction, the court will reject the filing and return any filing fee paid. These injunctions do not prevent Mrs. Amatucci from pursuing any meritorious claims which have arisen or may arise in the future, and that are appropriately brought in this Court.

## Conclusion

For the reasons detailed above, the district judge should dismiss this case with prejudice on the basis of res judicata. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

_____
Andrea K. Johnstone
United States Magistrate Judge

Date: June 30, 2025

cc: Josephine Amatucci, pro se